**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARTHA A. CENTRONE,**

                              **Plaintiff,**              **5:11-cv-923**
                                                          **(GLS)**

              **v.**

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinksy Law Group              HOWARD D. OLINSKY, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN       BENIL ABRAHAM
United States Attorney          Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**
                    <u>**MEMORANDUM-DECISION AND ORDER**</u>

## I. __Introduction__

Plaintiff Martha A. Centrone challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Centrone's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. __Background__

On January 22, 2007, Centrone filed an application for DIB and SSI under the Social Security Act ("the Act"), alleging disability since December 14, 2005.  (*See* Tr.[1] at 141-47, 148-52.)  After her application was denied, Centrone requested a hearing before an Administrative Law Judge (ALJ), which was held on July 17, 2009.  (*See id.* at 49-76.)  A supplementary hearing was also conducted on June 29, 2010, during which the ALJ received testimony from an impartial medical expert.  (*See id.* at 28-48.)  On August 18, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the

---

[1]  Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 8.)

Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-3, 16-22.)

Centrone commenced the present action by filing a Complaint on August 4, 2011 wherein she sought review of the Commissioner's determination.  (*See* Compl. ¶¶ 1-7.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 7, 8.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 13, 16.)

### III.  Contentions

Centrone contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.  Specifically, Centrone claims the ALJ: (1) incorrectly weighed opinion evidence in determining her Residual Functional Capacity (RFC); (2) improperly evaluated her credibility; and (3) failed to consult a vocational expert.  (*See* Dkt. No. 13 at 9-19.)  The Commissioner counters that substantial evidence supports the ALJ's decision.  (*See generally* Dkt. No. 16.)

### IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  (*See* Dkt. No. 13 at 1-8; Dkt. No. 16 at 2.)

## V.  **Standard of Review**

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g)[2] is well established and will not be repeated here.  For a

full discussion of the standard and the five-step process used by the

Commissioner in evaluating whether a claimant is disabled under the Act,

the court refers the parties to its previous opinion in *Christiana v. Comm'r*

*of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y.

Mar. 19, 2008).

## VI.  **Discussion**

### A.  **RFC Determination**

Centrone first contends that the ALJ's RFC determination[3] "is the

product of numerous legal errors committed while weighing opinion

evidence."  (Dkt. No. 13 at 9-14.)  More specifically, Centrone objects to the

weight afforded to the opinion of Dr. Thomas Weiss, the impartial medical

---

[2] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical.  As such, parallel citations to the Regulations governing SSI are omitted.

[3] A claimant's RFC "is the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record.  See 42 U.S.C. § 405(g).

expert, Dr. Andrew Merritt, her treating physician, and the disability analyst.

(*See id.*)  The Commissioner counters that the ALJ properly evaluated the

opinions of record and that his RFC is supported by substantial evidence.[4]

(*See* Dkt. No. 16 at 7-11.)  The court agrees with the Commissioner.

Medical opinions, regardless of the source, are evaluated by

considering several factors outlined in 20 C.F.R. § 404.1527(c).  Controlling

weight will be given to a treating physician's opinion that is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and

is not inconsistent with the other substantial evidence."  *Id.*

§ 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

Unless controlling weight is given to a treating source's opinion, the ALJ is

required to consider the following factors in determining the weight

assigned to a medical opinion: whether or not the source examined the

claimant; the existence, length and nature of a treatment relationship; the

frequency of examination; evidentiary support offered; consistency with the

record as a whole; and specialization of the examiner.  *See* 20 C.F.R.

---

[4] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

§ 404.1527(c).

Here, Centrone claims that Dr. Weiss' opinion should not have been given great weight because it referenced another opinion, by Dr. Kalyani Ganesh, that was only given little weight.  (*See* Dkt. No. 13 at 9-11.) However, this argument is belied by the record.  Not only did Dr. Weiss testify about the objective medical evidence he reviewed, (*see, e.g.*, Tr. at 36, 37, 39, 42), but his report also cites to Dr. Merritt's report, (*see id.* at 283), which Centrone avers is entitled to controlling weight, (*see* Dkt. No. 13 at 11-14).  Moreover, Dr. Weiss stated that "there [was] sufficient objective medical and other evidence to allow [him] to form opinions about the nature and severity of [Centrone's] impairment(s)."  (Tr. at 277.) Although Dr. Weiss reviewed the reports of other medical professionals, there is no evidence that the opinion he rendered was not his own.  And ultimately, since his opinion is consistent with the medical evidence of record—a point which Centrone fails to address in her brief—it was proper for the ALJ to assign it great weight.  (*See* Tr. at 20); 20 C.F.R. § 404.1527(c)(2).

Likewise, the ALJ did not err in assigning less than controlling weight to Centrone's treating physician, Dr. Merritt.  (*See* Dkt. No. 13 at 11-14.)

6

Despite testifying on July 17, 2009 that she had only begun seeing Dr. Merritt approximately one year prior, Centrone now argues that she had an "extensive treating relationship with Dr. Merritt" dating back to September 2007.  (*Compare* Tr. at 73, *with* Dkt. No. 13 at 12.)  Setting aside the length of his relationship with Centrone, Dr. Merritt's report is unpersuasive, as he was not treating Centrone when he authored it, and the report contains both conclusory references to objective evidence, as well as conflicting statements in the clinical findings.[5]  (*See* Tr. at 272-76.)  Moreover, as the Commissioner explains, Dr. Merritt's opinion does not comport with the diagnostic studies in the record.  (*See, e.g.*, Dkt. No. 16 at 11.)  Thus, because it was both unsupported and inconsistent, Dr. Merritt's opinion was not entitled to controlling weight.  *See Halloran*, 362 F.3d at 32.

Finally, Centrone's contention that the ALJ erred in affording "little weight," as opposed to "no weight," to the opinion of the disability analyst is, simply put, immaterial.  (Dkt. No. 13 at 14.)  Semantics aside, the ALJ was clearly unmoved by the disability analyst's report—as it, unlike the RFC determination, stated that Centrone had no physical limitations,

---

[5]  For example, in response to question six, which states, "Identify the clinical findings and objective signs," Dr. Merritt wrote, "No objective findings, x[-]rays [] significant DJD."  (Tr. at 272.)

7

(*compare* Tr. at 19-20, *with* Tr. at 250-54)—and correctly identified that it was "not a medical opinion."[6]  (Tr. at 20.)

In sum, the ALJ applied the appropriate legal standards in considering the medical opinions, and in so doing, arrived at an RFC that is supported by substantial evidence.  Accordingly, the ALJ's RFC assessment is affirmed.

**B.    Credibility Assessment**

Centrone next argues that the ALJ applied an improper legal standard in assessing her credibility.  (*See* Dkt. No. 13 at 15-18.)  Again, the court disagrees, as a review of the ALJ's opinion demonstrates that he only discounted Centrone's "subjective complaints of severe pain."  (Tr. at 20.)  Despite experiencing extreme pain when she, for example, folds laundry, Centrone only needs over-the-counter Advil, on an as needed basis, for pain relief (*see id.* at 65); gardens and pulls weeds at her sisters, (*see id.* at 68); and was able to go parasailing, (*see id.* at 72).  When asked about daily activities, Centrone initially replied that no one assisted her, but,

---

[6]  Besides its value as a potential ground for remand, and the statutory benefits flowing therefrom, the court is hard-pressed to understand why Centrone would highlight the disability analyst's report given that it undermines her entire disability claim.

upon further questioning, clarified that "[a]nything physical[] [she cannot] do." (*Id.* at 66.)  Simply put, Centrone's subjective claims are not wholly credible, and, in finding as such, the ALJ properly weighed "the objective medical evidence in the record, [Centrone's] demeanor, and other indicia of credibility." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).  It follows that his credibility assessment is conclusive.

## C.   **Vocational Expert**

Centrone's final argument—that the ALJ was required to consult a vocational expert—is also without merit because it implicitly assumes that Dr. Merritt's findings are entitled to controlling weight.  (*See* Dkt. No. 13 at 18-19.)  However, because the court has already found otherwise, it suffices to say that Centrone's argument is untenable.  As such, the ALJ's decision to forego the use of a vocational expert was appropriate in this case.  (*See* Tr. at 21.)

## D.   **Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  **Conclusion**

9

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and

Centrone's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court